DENMARK TOWNSHIP, Ward County, North Dakota, a Municipal Corporation, Respondent, v. O. B. UKKELBERG and Bryon Krantz, Appellants.

(235 N. W. 353.)

Opinion filed February 27, 1931.

*C. A. Thompson, E. R. Sinkler* and *G. O. Brekke,* for appellants.

*B. A. Dickinson* and *H. E. Johnson,* for respondent.

BURKE, J. This is an appeal from an order granting a temporary injunction. The action was brought to abate a nuisance and restrain the defendants from conducting public dances in violation of law at a pavilion owned by the defendants in Denmark Township, Ward County. At the time of the commencement of the action, an order to show cause was issued, returnable on the 25th of September 1930, based upon a complaint, affidavits of the plaintiff, affidavits of the defendant and a demurrer to the complaint, and upon hearing a temporary injunction was issued.

In the spring of 1930, the defendants applied to Denmark Township for a permit to conduct dances in a pavilion, which defendants had built in said township. A temporary permit until the 10th day of July was granted, and in the meantime, an election was called, at which election held on the 14th of July 1930, twenty-two votes were cast in favor of granting said permit, and forty-five votes were cast against granting a permit. Thereupon, the board of supervisors of Denmark Township by proper resolution rescinded the temporary permit and caused notice of revocation to be served upon the defendants. On July 21, 1930, the defendants were arrested and charged with operating a public dance without a permit; that thereafter public dances were held at said pavilion every week, purporting to be held under the auspices of the Danish Brotherhood, the American Legion, the Kenmare Baseball Team, and Kenmare Fire Department, and the Kenmare Hockey Club, the defendants being in attendance at said dances and receiving ninety percent of the proceeds. Anyone wishing to attend could obtain invitation tickets from a person outside without charge, and upon presenting the invitation ticket to the man at the door and paying one dollar he was admitted. The defendants also have at said place a gasoline filling station and a soft drink parlor, which they admit they conduct. Every time the defendants were ar-

rested they waived examination, and finally this action was brought to enjoin them from conducting public dances without a permit, upon the theory that the continued violation of the law is a public nuisance.

We are met at the threshold of the case with the question of the authority of the township to prosecute this action. It is the contention of the defendants, that if they violated any law, it was the law of the state and not the law of the township, and the action should be brought in the name of the state and not in the name of the township.

Respondent claims that the action is brought under chapter 128 Laws of 1925, "An Act Regulating Public Dances and Dancing Places," and if the township has authority to bring such action it must be found in this statute. A careful examination of the statute discloses that the only authority given to the township is the authority to grant or refuse or revoke a permit. The township has not even the authority to police the dance. Section 6 provides: that it is the duty of the sheriff in any county in which any public dance is held outside of an incorporated city or village to police such dance, and the chief police officer of the city or village must police it when the dance is held in an incorporated city or village. Section 8 provides: that the enforcement of the act is enjoined upon every officer whose duty it is to enforce the laws of the state. It is not the duty of township officers to enforce the laws of the state, except in the granting or refusing to grant permits; and it follows that the action should have been brought on relation of the state, and the order granting the temporary injunction must be and is reversed.

CHRISTIANSON, Ch. J., and NUESSLE, BURR and BIRDZELL, JJ., concur.